(October 2, 2002)

■ In the Matter of ANDREW M. GOLDBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [748 NYS2d 284] —Per Curiam. Respondent was admitted to practice by this Court in 1994. He maintained an office for the practice of law in Vermont, where he was admitted to practice in 1992.

By decision dated May 14, 2002, Vermont's Professional Responsibility Board issued a public reprimand to respondent and directed him to transfer his license to practice law in Vermont to inactive status for four months. If respondent reactivates his license, he must thereafter serve a two-year period of disciplinary probation, during which time his practice would be monitored by another attorney licensed to practice in Vermont. The Board considered formally suspending respondent from practice, but determined that a public reprimand was the appropriate sanction. The Board found that respondent had neglected a client's case, which he knew or should have known he was not competent to handle on his own, and his conduct was prejudicial to the administration of justice (*see* Code of Professional Responsibility DR 1-102 [a] [5]; DR 6-101 [a] [1], [3] [22 NYCRR 1200.3 (a) (5); 1200.30 (a) (1), (3)]). Respondent has moved to North Carolina and is not engaged in the practice of law. Petitioner moves to impose reciprocal discipline upon respondent (*see* 22 NYCRR 806.19).

In view of respondent's public reprimand in Vermont, his failure to answer or appear in opposition to petitioner's motion, and the findings of fact and conclusions of law made by the Board supporting its decision, we grant petitioner's motion and conclude that respondent should be reciprocally censured (*see e.g. Matter of Mahoney*, 166 AD2d 869).

Mercure, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured.